IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RILEY KMIECIK,

     Petitioner,

     v.                               CASE NO.  20-3219-JWL

D. HUDSON,

     Respondent.

**MEMORANDUM AND ORDER**

     This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241.  Petitioner, a prisoner at the United States Penitentiary-Leavenworth, proceeds *pro se* and has paid the filing fee.  He claims the federal Bureau of Prisons ("BOP") improperly calculated his good conduct time credits ("GCT") under the First Step Act of 2018 ("FSA").  The Court ordered Respondent to show cause why the writ should not be granted.  (ECF No. 4).  Respondent filed an Answer and Return (ECF No. 11), and Petitioner's filed a Traverse (ECF No. 12).  Respondent seeks dismissal of the petition on the ground that the BOP properly calculated Petitioner's GCT.

**Background**

     On April 21, 2003, Petitioner was sentenced in the United States District Court for the Southern District of Iowa to a term of 120 months and a 5-year term of supervised release.  On June 16, 2011, Petitioner was released from BOP custody and began serving his term of supervised release.

     Petitioner violated the conditions of his supervised release by committing the state crimes of possessing or using dangerous drugs, possessing or using marijuana, possessing narcotic drugs

for sale, possessing drug paraphernalia, and shoplifting.  He also failed to report to the probation office as instructed, tested positive for drug use on at least four occasions, and failed to report being questioned by law enforcement.  Petitioner was charged in Arizona state court and served approximately 2.5 years in the Arizona Department of Corrections.

After serving his state sentence, Petitioner was returned to federal custody on February 12, 2018.  His term of supervised release in the original federal criminal case was revoked, and he was sentenced to a 48-month term of supervised release.  On July 19, 2018, the United States District Court for the District of Arizona modified Petitioner's conditions of supervised release by requiring home confinement with electronic monitoring for the first twelve months.

Petitioner again failed to abide by the conditions of his supervised release. The Court revoked his supervised release on July 1, 2019 and imposed a sentence of 36-months of confinement with no supervised release to follow.

The BOP calculated Petitioner's sentence as a 36-month term of confinement.  The sentence commenced on July 1, 2019, and Petitioner received 146 days of credit for time spent in detention, beginning with his arrest on February 5, 2019, through June 30, 2019.

Under 18 U.S.C. § 3624(b), amended by the FSA, Petitioner is entitled to 161 days of GCT on his 36-month sentence.  His release date, calculated on present circumstances, is set for August 27, 2021.

## Discussion

**Standard of Review**

To obtain federal habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather

than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

**Eligibility for Good Conduct Time**

Section 102(b)(1)(A) of the FSA amended 18 U.S.C. § 3624(b)(1) to increase the maximum available GCT from 47 to 54 days per year of the sentence imposed. First Step Act, Pub. L. No. 115-391, § 102(b)(1)(A), 132 Stat. 5194 (2018).[1] In addition to the GCT awarded on his 36-month sentence, Petitioner argues that he is entitled to the retroactive application of 70 days of credit for the 10 years he served on his original sentence prior to the amendment of 18 U.S.C. § 3624(b)(1).

Those courts that have considered similar claims in habeas corpus have concluded that a prisoner serving a post-revocation sentence is entitled to GCT on that sentence but is not entitled to GCT for time served on the original underlying sentence. *See, e.g., Jamison v. Warden, Elkton Federal Correctional Institution,* 19-cv-789, 2019 WL 5690710 (S.D. Ohio, Nov. 4, 2019) (rejecting claim for GCT on original sentence and stating "the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast.") (citing *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005)); *Kieffer v. Rios*, No. 19-cv-0899, 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019) (noting authority that "a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time"); *aff'd*, No. 19-2933, 2019 WL 8194484 (8th Cir. Oct. 2, 2019); *Garland v. Johnson*, 19-cv-53-P, 2019 WL

---

[1]  As amended, § 3624(b)(1) states:

Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during the year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

5106275, at *1 (W.D. La. Aug. 12, 2019) (stating that even if petitioner were entitled to additional GCT, "federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment [he] may be required to serve for violating the conditions of his release") (citing 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release."); *Smith v Williams*, No. 4:19-cv-02819, 2020 WL 3453124 (N.D. Ohio June 8, 2020).

The Court agrees with this reasoning.  Petitioner's revocation sentence, although related to his original sentence, is separate, and he is not entitled to additional GCT for his prior sentence. Because the Bureau of Prisons properly calculated his eligibility for GCT under 18 U.S.C. § 3624, Petitioner is not entitled to habeas corpus relief.

**IT IS THEREFORE ORDERED BY THE COURT** that the petition for habeas corpus is **denied**.

**IT IS SO ORDERED**.

**Dated November 24, 2020, in Kansas City, Kansas.**


S/  John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**